**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>OAKWOOD HOMES CORP., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Bankr. Case No. 02-13396 (PJW)<br>)<br>) Jointly Administered<br>) |
| ACADEMY LIFE INSURANCE COMPANY,<br>LIFE INVESTORS INSURANCE COMPANY OF AMERICA,<br>MONUMENTAL LIFE INSURANCE COMPANY,<br>PEOPLES BENEFIT LIFE INSURANCE COMPANY, and<br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>Appellants,<br><br>- against –<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>As Indenture Trustee,<br><br>Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Dist. Ct. Case Nos. 04-CV-831 (JJF)<br>) through 04-CV-835 (JJF)<br>)<br>) Cases Consolidated under<br>) Case No. 04-CV-835 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD**
**AND STATEMENT OF ISSUES TO BE PRESENTED ON**
**APPEAL OF APPELLANTS AEGON B-2 HOLDERS**

Pursuant to 28 U.S.C. § 158(d) and Fed. R. App. 6(b)(2)(B), the above named Appellants ("Aegon B-2 Holders"), holders of certain Class B-2 Certificates (the "B-2 Holders") issued by certain non-debtor REMIC trusts formed by debtor Oakwood Homes Corporation ("OHC"), by and through the undersigned counsel, hereby submits the following designation of items to be

included in the record on appeal and statement of issues to be presented on the appeal filed by Aegon B-2 Holders from the final order of the United States District Court for the District of Delaware (Farnan, J.), entered February 22, 2005 in the above-captioned consolidated cases (D.I. 51).

### Designation Of Items To Be Included In The Record On Appeal

1. The following documents, which were filed in the bankruptcy court and were transmitted to this Court as the designated record on appeal in these consolidated appeals. Each document is identified with a bankruptcy court docket number ("B.D.I."):

- Objection of U.S. Bank National Association, in its Capacity as Indenture Trustee, to the Claims of JPMorgan Chase Bank, as Trustee for Holders of the B-2 Certificate Guaranty Claims and Motion for Estimation of Such Claims Pursuant to Section 502(c) of the Bankruptcy Code (with exhibits), dated October 10, 2003. (B.D.I. 2108)

- Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank National Association's Objection to the Allowance of the Class B-2 Certificate REMIC Guarantee Claims and Motion to Estimate the Contingent Portion of the Claims (with exhibits), dated November 6, 2003. (B.D.I. 2324)

- Affidavit of James R. Lewis in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank's Objection to the Allowance of the Class B-2 Certificate REMIC Guarantee Claims and Motion to Estimate (with exhibits), sworn to November 3, 2003. (B.D.I. 2324)

- Affidavit of John J. Galban in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank's Objection to the Allowance of the Class B-2 Certificate REMIC Guarantee Claims and Motion to Estimate (with exhibits), sworn to November 4, 2003. (B.D.I. 2324)

- Supplemental Objection of U.S. Bank National Association, in its Capacity as Indenture Trustee, to the REMIC Claims of JPMorgan Chase Bank, as Trustee for Holders of the B-2 Certificate Guarantee Claims (with exhibits), dated November 21, 2003. (B.D.I. 2455)

- Transcript of hearing, held on November 26, 2003. (B.D.I. 2625)

- Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank National Association's Supplemental Objection to the Class B-2 Certificate REMIC Guarantee Claims (with exhibits), dated January 16, 2004. (B.D.I. 3372)

- Affidavit of James R. Lewis in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank's Supplemental Objection to the Class B-2 Certificate REMIC Guarantee Claims (with exhibits), sworn to January 14, 2004. (B.D.I. 3372)

- Affidavit of John J. Galban in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank's Supplemental Objection to the Class B-2 REMIC Guarantee Claims (with exhibits), sworn to January 15, 2004. (B.D.I. 3372)

- Declaration of Douglas R. Muir Pursuant to 28 U.S.C. § 1746 (with exhibits), dated January 16, 2004. (B.D.I. 3375)

- Transcript of hearing, held on January 23, 2004. (B.D.I. 3534)

- Memorandum of U.S. Bank National Association, in its Capacity as Indenture Trustee, in Support of its Objections to the REMIC Guarantee Claims filed by JPMorgan Chase Bank, as Trustee for Holders of Certain B-2 Certificate Guarantee Claims (with exhibits), dated February 20, 2004. (B.D.I. 3648)

- Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank National Association's Memorandum in Support of its Objections to the B-2 Certificate Guarantee Claims (with exhibits), dated March 4, 2004. (B.D.I. 3702)

- Affidavit of James R. Lewis in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank National Association's Memorandum in Support of its Objections to the B-2 Certificate Guarantee Claims (with exhibits), sworn to March 1, 2004. (B.D.I. 3702)

- Affidavit of John J. Galban in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank National Association's Memorandum in Support of its Objections to the B-2 Certificate Guarantee Claims (with exhibits), sworn to March 4, 2004. (B.D.I. 3702)

- Reply Memorandum of U.S. Bank National Association, in its Capacity as Indenture Trustee, to the Response of JPMorgan Chase Bank, in its Capacity as Trustee, Regarding Objections to the Class B-2 Certificate Guarantee Claims (with exhibits), dated March 5, 2004. (B.D.I. 3712)

- Transcript of hearing, held on March 12, 2004. (B.D.I. 3944)

- Scheduled Principal Guarantee Payment Due Dates under Each REMIC Trust (Deloitte & Touche Calculations) (admitted in evidence at 3/12/04 hearing as USB Exhibit 4)

- Expert Report of Bradford Cornell of Charles River Associates, dated February 10, 2004. (admitted in evidence at 3/12/04 hearing as USB Exhibit 5)

- Back-Up Documents to the Expert Report of Bradford Cornell of Charles River Associates, dated February 10, 2004. (admitted in evidence at 3/12/04 hearing as JPMorgan Chase Exhibit 1)

- Stipulation Between U.S. Bank National Association, as Indenture Trustee, and JPMorgan Chase Bank, as Trustee, as to Allowed Limited Guarantee Claims and Admissibility of Exhibits, dated April 30, 2004. (B.D.I. 4025)

- Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proofs of Claim Nos. 8018, 8017 and 8016 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1998-D,

OMI Trust 1999-A and OMI Trust 1999-B, entered on May 6, 2004. (B.D.I. 4039)

- Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8022 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-B, entered on May 6, 2004. (B.D.I. 4035)

- Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8021 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-C, entered on May 6, 2004. (B.D.I. 4040)

- Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8020 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-D, entered on May 6, 2004. (B.D.I. 4037)

- Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8019 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1998-B, entered on May 6, 2004. (B.D.I. 4036)

- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proofs of Claim Nos. 8018, 8017 and 8016 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1998-D, OMI Trust 1999-A and OMI Trust 1999-B, entered on May 6, 2004. (B.D.I. 4059)

- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8022 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-B, entered on May 6, 2004. (B.D.I. 4060)

- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8021 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-C, entered on May 6, 2004. (B.D.I. 4061)

- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8020 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-D, entered on May 6, 2004. (B.D.I. 4063)

- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8019 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1998-B, entered on May 6, 2004. (B.D.I. 4064)

- Proof of Claim (No. 6128) of JPMorgan Chase Bank as Trustee for OMI 1997-B (with exhibits), filed on March 27, 2003.

- Proof of Claim (No. 6130) of JPMorgan Chase Bank, as Trustee for OMI Trust 1997-C (with exhibits), filed on March 27, 2003.

- Proof of Claim (No. 6125) of JPMorgan Chase Bank, as Trustee for OMI Trust 1997-D (with exhibits), filed on March 27, 2003.

- Proof of Claim (No. 6129) of JPMorgan Chase Bank, as Trustee for OMI Trust 1998-B (with exhibits), filed on March 27, 2003.

- Proof of Claim (No. 5654) of JPMorgan Chase Bank, as Trustee for OMI Trust 1998-D (with exhibits), filed on March 27, 2003.

- Proof of Claim (No. 5655) of JPMorgan Chase Bank, as Trustee for OMI Trust 1999-A (with exhibits), filed on March 27, 2003.

- Proof of Claim (No. 6127) of JPMorgan Chase Bank, as Trustee for OMI Trust 1999-B (with exhibits), filed on March 27, 2003.

- Amended Proof of Claim (No. 8022) of JPMorgan Chase Bank, as Trustee for OMI Trust 1997-B (with exhibit), filed on November 6, 2003.

- Amended Proof of Claim (No. 8021) of JPMorgan Chase Bank, as Trustee for OMI Trust 1997-C (with exhibit), filed on November 6, 2003.

- Amended Proof of Claim (No. 8020) of JPMorgan Chase Bank, as Trustee for OMI Trust 1997-D (with exhibit), filed on November 6, 2003.

- Amended Proof of Claim (No. 8019) of JPMorgan Chase Bank, as Trustee for OMI Trust 1998-B (with exhibit), filed on November 6, 2003.

- Amended Proof of Claim (No. 8018) of JPMorgan Chase Bank, as Trustee for OMI Trust 1998-D (with exhibit), filed on November 6, 2003.

- Amended Proof of Claim (No. 8017) of JPMorgan Chase Bank, as Trustee for OMI Trust 1999-A (with exhibit), filed on November 6, 2003.

- Amended Proof of Claim (No. 8016) of JPMorgan Chase Bank, as Trustee for OMI Trust 1999-B (with exhibit), filed on November 6, 2003.

- Amended Motion of JPMorgan Chase Bank, as Trustee, for an Order Directing the Debtors and the Liquidation Trust to Establish a Reserve for the Disputed Portions of the Class B-2 Limited Guarantee Claims in accordance with Section 8.2(c) of the Second Amended Joint Consolidated Plan of Reorganization, dated March 30, 2004. (B.D.I. 3933)

- Supplement to the Amended Motion of JPMorgan Chase Bank, as Trustee, for an Order Directing the Debtors and the Liquidation Trust to Establish a Reserve for the Disputed Portions of the Class B-2 Limited Guarantee Claims in accordance with Section 8.2(c) of the Second Amended Joint Consolidated Plan of Reorganization, dated April 8, 2004. (B.D.I. 3961)

- Second Amended Joint Consolidated Plan of Reorganization of Oakwood Homes Corporation and its Affiliated Debtors and Debtors-in-Possession, dated February 6, 2004. (B.D.I. 3538)

- Transcript of hearing, held on June 18, 2004.
- Transcript of hearing, held on July 1, 2004.
- Order Respecting the Amended Motion of JPMorgan Chase Bank, as Trustee, for an Order Directing the Debtors and the Liquidation Trust to Establish a Reserve for the Disputed Portions of the Class B-2 Limited Guarantee Claims in Accordance with Section 8.2(c) of the Second Amended Joint Consolidated Plan of Reorganization, entered on July 7, 2004. (B.D.I. 4244)
- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Respecting the Amended Motion of JPMorgan Chase Bank, as Trustee, for an Order Directing the Debtors and the Liquidation Trust to Establish a Reserve for the Disputed Portions of the Class B-2 Limited Guarantee Claims in Accordance with Section 8.2(c) of the Second Amended Joint Consolidated Plan of Reorganization, dated July 9, 2004. (B.D.I. 4252)
- Interest Shortfall Projections (Deloitte & Touche Calculations). (admitted in evidence at the 6/18/2004 hearing as JPMorgan Exhibit 1)
- Limited Guarantee, dated as of November 1, 1997, by Oakwood Homes Corporation.

2. Appellants' Brief, filed July 26, 2004 (D.I. 19)
3. Appendix (D.I. 20)
4. OHC Liquidation Trustee's Motion to Intervene, filed August 9, 2004 (D.I. 32)
5. Appellee's Brief, filed August 10, 2004 (D.I. 33)
6. Appellants' Reply Brief, filed August 23, 2004 (D.I. 34)
7. Memorandum and Opinion dated February 17, 2005 (D.I. 50)
8. Order dated February 17, 2005 (D.I. 51)
9. Notice of Appeal, filed March 24, 2005 by JPMorgan as Trustee (D.I. 52)
10. Notice of Appeal, filed March 24, 2005 by appealing B-2 Holders Jefferson Pilot Corporation, Tyndall Partners, LP, and Tyndall Institutional Partners, LP (D.I. 53)

11. Notice of Appeal, filed March 24, 2005 by appealing B-2 Holders Academy Life Insurance Company, Life Investors Insurance Company of America, Monumental Life Insurance Company, People's Benefit Life Insurance Company, and Transamerica Life Insurance Company JPMorgan (D.I. 54)

### Statement Of Issues To Be Presented On Appeal

1. Whether section 502(b)(2) of the Bankruptcy Code, requiring the disallowance of any claim against a debtor for unmatured interest, is applicable to the obligations of Debtor OHC pursuant to certain Limited Guarantees to pay shortfalls in the payment of interest accruing after the date of the filing of OHC's petition (the "Petition Date").

2. Whether the bankruptcy court committed reversible error in determining that the shortfalls in the payment by the non-debtor REMIC Trust of interest accruing after the Petition Date on the Class B-2 Certificates constituted unmatured interest within the meaning of section 502(b)(2) of the Bankruptcy Code, thereby relieving OHC of its obligations under the Limited Guarantees to pay these interest shortfalls.

3. Whether the bankruptcy court committed reversible error in disallowing, pursuant to section 502(b)(2) of the Bankruptcy Code, the shortfalls in the payment by the non-debtor REMIC Trust of interest accruing after the Petition Date on the Class B-2 Certificates despite OHC's obligations under the Limited Guarantees to pay these interest shortfalls.

4. Whether section 502 of the Bankruptcy Code required the bankruptcy court to discount to present value as of the Petition Date the shortfalls in the payment by the non-debtor REMIC Trust of principal on the Class B-2 Certificates under the Limited Guarantees, notwithstanding its disallowance, pursuant to section 502(b)(2) of the Bankruptcy Code, of the shortfalls in the payment of interest accruing after the Petition Date.

5. Whether, after disallowing under section 502(b)(2) of the Bankruptcy Code the shortfalls in the payment by the non-debtor REMIC Trust of interest accruing after the Petition Date on the Class B-2 Certificates, the bankruptcy court committed reversible error in

discounting to present value as of the Petition Date shortfalls in the payment by the non-debtor REMIC Trust of principal on the Class B-2 Certificates projected to become due under the Limited Guarantees.

6. Whether the district court committed reversible error in entering its order affirming the May 6, 2004 orders of the bankruptcy court, where the bankruptcy court order discounted to present value as of the Petition Date the principal-shortfalls component of the Limited Guarantee Claims pursuant to section 502(b) of the Bankruptcy Code, while also excluding the post-petition interest-shortfalls under section 502(b)(2) of the Code.

7. Whether the district court committed reversible error in ruling that the language of section 502(b) of the Bankruptcy Code clearly and ambiguously required the bankruptcy court to both discount the claims of JPMorgan and the B-2 Holders to present value and to exclude post-petition interest on those claims.

8. Whether section 502(b) of the Bankruptcy Code permits the bankruptcy court to both exclude unmatured interest and discount to present value claims for interest-bearing principal.

9. Whether the district court erred in stating that the parties had stipulated that no principal-shortfall payments were due under the B-2 Certificates until April 11, 2011 and in its interpretation of the language and effect of the stipulation between the parties.

10. Whether the district court erred in concluding that OHC was not obligated to make payments on the principal shortfalls under the B-2 Certificates and that the full amount of the principal shortfalls was not accelerated as of the Petition Date.

11. Whether the district court erred in according persuasive effect to the decision in *In re Loewen Group Int'l, Inc.*, 274 B.R. 427 (Bankr. D. Del. 2002).

12. Whether the district court erred in concluding that the distinction between interest-bearing claims and non-interest-bearing claims was insignificant to the questions presented.

Dated: April 7, 2005

Respectfully submitted,

/s/ Christopher D. Loizides
Christopher D. Loizides (DE No. 3968)
LOIZIDES & ASSOCIATES
800 Legal Arts Building
1225 King Street
Wilmington, Delaware 19801
(302) 654-0248    Fax (302) 654-0728

- and -

Robert C. Goodrich Jr.
Madison L. Cashman (DE No. 4079)
STITES & HARBISON PLLC
1800 Financial Center
424 Church Street
Nashville, Tennessee 37219
(615) 244-5200    Fax (615) 782-2371

- and -

Alex P. Herrington Jr.
STITES & HARBISON PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
(502) 587-3400    Fax (502) 587-6391

*Co-Counsel for the AEGON B-2 Holders*